[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10275

_____

D. C. Docket No. 05-10026-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOYCE LYNN GOVEA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 25, 2008)**

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Joyce Lynn Govea appeals her convictions for possession of

methamphetamine with intent to distribute it, 21 U.S.C. § 841(a)(1), and

conspiracy to do so, 21 U.S.C. § 846. Govea makes four arguments on appeal: (1) the use by the government of her refusal to consent to a search as substantive evidence of her guilt violated her due process rights; (2) the evidence was insufficient to support her convictions; (3) the district court improperly instructed the jury; and (4) the district court erred when it denied her motion for a new trial. In the light of the confession of error by the government regarding the first issue, we vacate Govea's convictions. Because we conclude that sufficient evidence supports Govea's convictions, we remand for a new trial. Our resolution of these issues renders the remaining issues moot.

Govea was a passenger in a vehicle that was stopped by police officers after they intercepted a telephone call between the driver, Govea's live-in girlfriend, and a third person. The call suggested that a drug transaction was about to occur. Officers arrested the driver for driving with a suspended license. Officers observed a large amount of currency in the open glove box and several bags in the back of the vehicle. Govea said that the bags belonged to her. An officer asked Govea if he could search her bags, and Govea said that she did not want them searched. The officer examined the currency in the glove box, and Govea volunteered that it was counterfeit money intended for a friend.

The vehicle was towed to an impound lot where dogs alerted officers that the

2

bags might contain controlled substances. The officers discovered that one bag contained 11 small bags of methamphetamine. In the console of the vehicle, officers found a wallet that contained Govea's identification and another small bag of the same kind of methamphetamine.

At trial, the government relied on Govea's refusal to consent to a search of the bags. During his opening statement, the prosecutor argued that Govea refused to consent "because she knew that there was methamphetamine in that green bag." An officer testified that Govea refused to consent, and the prosecutor returned to the issue during his closing argument.

Govea argues that the use of her refusal to consent as substantive evidence against her was erroneous, and the government agrees that the error requires reversal. In the light of the confession of error by the government, we must vacate Govea's convictions.

The government asks us to remand for a new trial, but we must first address Govea's argument about the sufficiency of the evidence. See United States v. Palzer, 745 F.2d 1350, 1352 n.4 (11th Cir. 1984). "[I]f the properly admitted evidence presented by the government was insufficient to carry its burden of proof, then [Govea's] retrial would be prohibited by the double jeopardy bar." United States v. Khoury, 901 F.2d 948, 961 (11th Cir. 1990). Govea's argument that the

evidence is insufficient fails.

Govea argues that the government proved no more than her association with a distributor of controlled substances and her presence at the scene of a crime, see United States v. Hernandez, 896 F.2d 513, 519 (11th Cir. 1990), but the evidence establishes more. Govea was the passenger in a vehicle that contained a several bags, one of which contained small bags of methamphetamine. The vehicle was driven by Govea's live-in girlfriend who pleaded guilty to possession of methamphetamine with intent to distribute it, and Govea told an officer that the bags were hers. Govea also identified as counterfeit the large amount of currency found in the car. Officers found a small amount of methamphetamine in Govea's wallet, which an officer testified could represent a sample for a prospective buyer. A reasonable jury could find from this evidence that Govea possessed methamphetamine with intent to distribute it and conspired to do so.

We **VACATE** Govea's convictions and **REMAND** for a new trial.